65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary HENTHORNE, By and Through his legal guardian and
conservator, Robert E. HENTHORNE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-17297.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1995.
Decided Aug. 16, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Gary Henthorne, through his conservator, Robert Henthorne, appeals the district court's summary judgment in favor of the United States in his action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 1346, 2674. We affirm.
 
 FACTS & PRIOR PROCEEDINGS
 
 3
 The government contracted with Beckman Construction Company to perform work on its elevators at the Veterans Administration Medical Center in Fresno, California. The contract provided that "[t]he Contractor shall ... be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence and shall take proper safety and health precautions to protect the work, the workers, the public, and property of others." The government also included a provision that permitted it to conduct safety inspections of the work. A government employee inspected the work daily for this purpose. In addition, the contract required Beckman to comply with all state laws.
 
 
 4
 Henthorne was employed by Beckman. On August 17, 1989, Henthorne was seriously injured when he fell twenty feet down the elevator shaft from a counter weight on which he was standing to the landing below. Henthorne received workers compensation benefits for his injuries. After exhausting his administrative remedies, Henthorne sued the government in federal district court, alleging that it had caused his injuries by breaching its duty to exercise reasonable care to protect him against peculiar risks. The government impleaded Beckman as a third-party defendant. After one year of discovery, the government moved for summary judgment, which was denied. While Henthorne's case was pending in district court, the California Supreme Court decided Privette v. Superior Court, 854 P.2d 721 (Cal.1993), which held that a principal may delegate its duty to take special precautions against peculiar risks to an independent contractor. On the basis of this decision, the government moved for dismissal or summary judgment. The district court granted the latter. Henthorne timely appealed.
 
 JURISDICTION
 
 5
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1346. This court has jurisdiction over the district court's final judgment under 28 U.S.C. Sec. 1291.
 
 STANDARD OF REVIEW
 
 6
 "A grant of summary judgment is reviewed de novo to determine whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and the district court applied the relevant substantive law." Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 DISCUSSION
 
 7
 * Henthorne argues that the government is liable under the peculiar risk doctrine for its failure to supervise Beckman's safety precautions. We disagree.
 
 
 8
 * The FTCA provides a limited waiver of the federal government's sovereign immunity. It allows the government to be sued for the negligent or wrongful acts of government employees, subject to certain exceptions. 28 U.S.C. Secs. 2671 et seq. The FTCA provides that the government cannot be held vicariously liable for the negligence of an employee of an independent contractor. 28 U.S.C. Sec. 2671; Logue v. United States, 412 U.S. 521 (1973). Under the FTCA, the government is liable in the same manner and to the same extent as that of a private individual in like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. Sec. 1346(b). Because plaintiff's accident occurred in California, this action is governed by California law. Kangley v. United States, 788 F.2d 533, 534 (9th Cir.1986).
 
 B
 
 9
 Prior to Privette v. Superior Court, 854 P.2d 721 (1993), in California an employer of an independent contract was held vicariously liable for injuries arising out of peculiar risks. See, e.g., Woolen v. Aerojet Gen. Corp., 20 Cal.Rptr. 12, 15 (Cal.1962); Restatement (Second) of Torts Sec. 416. Although the FTCA does not permit suits based on vicarious liability, we construed this rule as creating direct liability for the government's failure to ensure that the contractor employed proper safety measures. See McGarry v. United States, 549 F.2d 587, 590 (9th Cir.1976), cert. denied, 434 U.S. 922 (1977). In Privette, the California Supreme Court changed California law by holding that a principal may delegate its duty to provide special precautions against peculiar risks to its contractor.[1] 854 P.2d at 730; see also Owens v. Giannetta-Heinrich Constr. Co., 29 Cal.Rptr.2d 11, 14 (Cal.Ct.App.), rev. denied, 1994 Cal. LEXIS 3286 (Cal.1994) (interpreting Privette ). We must determine in light of Privette whether the district court erred by granting summary judgment to the government on Henthorne's peculiar risk claim.[2]
 
 C
 
 10
 Henthorne argues that even after Privette the government is directly liable for its failure to supervise Beckman's compliance with contractual and statutory safety requirements. Henthorne misconstrues the scope of a principal's peculiar risk liability in two ways.
 
 
 11
 First, the government has never been held vicariously liable for peculiar risks under the FTCA. This theory of liability is premised on section 416 of the Restatement (Second) of Torts which creates a non-delegable duty for peculiar risks. Although California courts sometimes described the principal's liability under section 416 as being vicarious, in the context of FTCA suits, which does not permit the government to be held vicariously liable, 28 U.S.C. Sec. 2671, we construed the government's liability as being direct, see McGarry, 549 F.2d at 590. Consequently, Privette 's repudiation of vicarious liability for peculiar risks also eliminates the government's direct liability for its failure to supervise its contractor adequately.[3] In short, Henthorne cannot avoid Privette simply by re-labelling the government's failure to supervise as constituting direct, rather than vicarious, liability.
 
 
 12
 Second, the government is not directly liable under section 413 for peculiar risks because it properly delegated its duty to provide special precautions in its contract. In Owens v. Giannetta-Heinrich Constr. Co., 29 Cal.Rptr.2d 11, 14 (Cal.Ct.App.), rev. denied, 1994 Cal. LEXIS 3286 (Cal.1994), a California Court of Appeals suggested that Privette did not preclude direct liability for peculiar risks where a principal fails to provide in its contract that the contractor should take special precautions. It reasoned that Privette concerned only vicarious liability under section 416 of the Restatement (Second) of Torts and not direct liability under section 413. Id. Assuming for the purposes of argument that Owens properly construed Privette, it is clear that the government in this case has no direct liability under section 413. The government did delegate its duty to take special precautions against peculiar risks in its contract. Under section 413, nothing more is required.
 
 D
 
 13
 We hold that after Privette the government is not liable to Henthorne for his injuries arising out of peculiar risks while in the employ of Beckman.
 
 II
 
 14
 Henthorne also contends that the government is liable for his injuries because it retained control over the work of the contractor. We disagree.
 
 
 15
 * California law follows section 414 of the Restatement (Second) of Torts, which provides that a principal who retains certain types of control over an independent contractor's performance owes a duty of reasonable care to prevent injuries to the contractor's employees. See, e.g., Stilson v. Moulton-Niguel Water Dist., 98 Cal.Rptr. 914, 918-19 (Cal.Ct.App.1971). Some forms of control do not trigger section 414 liability. For example, "the mere right to see that work is satisfactorily completed [does not] impose[ ] upon the one hiring an independent contractor the duty to assure that the contractor's work is performed in conformity with all safety provisions." Kuntz v. Del E. Webb Constr. Co., 368 P.2d 127, 129 (Cal.1961); see also Safeway Stores, Inc. v. Massachusetts Bonding & Ins. Co., 20 Cal.Rptr. 820, 825 (Cal.Ct.App.1962) ("[T]he right to act did not raise the duty to act."). In addition, the principal may retain "the power to forbid [the work] being done in a manner likely to be dangerous to himself or others" without subjecting itself to liability under section 414. McDonald v. Shell Oil Co., 285 P.2d 902, 904 (Cal.1955). Finally, an "owner may retain a broad general power of supervision and control as to the results of the work so as to insure satisfactory performance of the independent contract--including the right to inspect, the right to stop the work, the right to make suggestions or recommendations as to details of the work, the right to provide alterations or deviations in the work--without changing the relationship from that of owner and independent contractor or the duties arising from that relationship." Id.
 
 B
 
 16
 Here, Henthorne produced no evidence to show that the government retained control that would subject it to liability under section 414. The government did not cause the plaintiff's fall or know of any secret condition it should have warned about. Neither did it have knowledge of an unsafe practice on the part of the contractor that it had a duty to stop. Cf. Holman v. State, 124 Cal.Rptr. 773, 781-84 (Cal.Ct.App.1975) (knowledge of dangerous condition creates duty under section 414). At most, the government required Beckman to follow safe procedures in its contract and retained a right to inspect. However, in California such acts do not, without more, create a duty to the employees of a contractor. See McDonald, 285 P.2d at 904. Accordingly, we find no evidence that would constitute negligence on the part of the government.
 
 
 17
 AFFIRMED.
 
 NOONAN, Circuit Judge, concurring:
 
 18
 I concur in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties assume for the purposes of argument that the work here entailed a peculiar risk
 
 
 [2]
 Henthorne initially argued that Privette should not apply retroactively. However, in light of subsequent decisions to the contrary, Henthorne has abandoned this claim, relying instead on his argument that the government is directly liable for its failure to inspect and supervise. See Whitford v. Swinerton & Walberg Co., 40 Cal.Rptr.2d 688, 691 (Cal.Ct.App.1995); Owens, 29 Cal.Rptr.2d 11, 13 (Cal.Ct.App.1994)
 
 
 [3]
 Henthorne cites to a number of FTCA cases that were decided prior to Privette. Gardner v. United States, 780 F.2d 835, 837-38 (9th Cir.1986) (applying California law); McGarry v. United States, 549 F.2d 587 (9th Cir.1976) (applying Nevada law), cert. denied, 434 U.S. 922 (1977); Thorne v. United States, 479 F.2d 804, 808-09 (9th Cir.1973) (applying California law). Because these cases rely on a theory of a non-delegable duty for peculiar risks that has since been rejected by Privette, Henthorne's reliance on them is misplaced