[No. S024758. July 19, 1993.]

FRANKLIN PRIVETTE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JESUS CONTRERAS, Real Party in Interest.

## COUNSEL

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Mark G. Bonino and Justice C. McPherson for Petitioner.

Horvitz & Levy, David M. Axelrad, Christine T. Hoeffner, Sedgwick, Detert, Moran & Arnold and Frederick D. Baker as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Seltzer & Cody, Christopher T. Cody and Richard Seltzer for Real Party in Interest.

## OPINION

**KENNARD, J.—** Under the peculiar risk doctrine, a person who hires an independent contractor to perform work that is inherently dangerous can be held liable for tort damages when the contractor's negligent performance of the work causes injuries to others. By imposing such liability without fault on the person who hires the independent contractor, the doctrine seeks to ensure that injuries caused by inherently dangerous work will be compensated, that the person for whose benefit the contracted work is done bears responsibility for any risks of injury to others, and that adequate safeguards are taken to prevent such injuries. Courts differ, however, on the propriety of extending the doctrine to the contractor's own employees. A minority of jurisdictions, including California, have permitted such employees to seek recovery from the person who hired the contractor. But the decisions of this court by which the minority rule has become established in California have never addressed the potential conflict between the peculiar risk doctrine, as applied in favor of the contractor's employees, and the system of workers' compensation. Today, this court for the first time directly confronts this issue.

When an employee of the independent contractor hired to do dangerous work suffers a work-related injury, the employee is entitled to recovery under the state's workers' compensation system. That statutory scheme, which affords compensation regardless of fault, advances the same policies that underlie the doctrine of peculiar risk. Thus, when the contractor's failure to provide safe working conditions results in injury to the contractor's employee, additional recovery from the person who hired the contractor—a nonnegligent party—advances no societal interest that is not already served by the workers' compensation system. Accordingly, we join the majority of jurisdictions in precluding such recovery under the doctrine of peculiar risk.

## I

Franklin Privette hired Jim Krause Roofing, Inc. (hereafter Krause) to install a new tar and gravel roof on his duplex. Using a kettle and pumping device parked in a driveway next to the duplex, the roofing crew transported hot tar to the roof. When the gravel truck arrived, the crew moved the kettle and pumping device to make room for the truck.

After the gravel was deposited on the roof, crew members realized they needed 50 more gallons of tar to complete the job. The foreman then directed employee Jesus Contreras to carry 10 five-gallon buckets of hot tar up a ladder to the roof. While performing this task, Contreras fell off the ladder and was burned by hot tar.

Contreras sought workers' compensation benefits for his injuries. He also sued Privette, the owner of the duplex, alleging two theories of recovery: that Privette had been negligent in selecting Krause as a roofer; and that, because of the inherent danger of working with hot tar, Privette should, under the doctrine of peculiar risk, be liable for injuries to Contreras that resulted from Krause's negligence.

In a pretrial motion for summary judgment (Code Civ. Proc., § 437c), Privette sought termination of Contreras's action. Among the arguments Privette made was that the availability of workers' compensation to Contreras for injuries resulting from his employer's conduct should bar him from any recovery from Privette under the doctrine of peculiar risk.[1] In support of his motion, Privette presented these undisputed facts: Privette, a school teacher, owned some rental properties, including the duplex where roofing employee Contreras was injured. Privette had hired the Krause roofing firm

---

[1] At the time of the summary judgment motion, it was uncontested that Contreras, in response to interrogatories, had abandoned his theory that Privette was negligent in hiring Krause.

to reroof his duplex only after checking references and determining that Krause was licensed and carried workers' compensation insurance for its employees. Privette was not present when Contreras was injured during the roofing process, nor did he participate in the foreman's decision to have Contreras carry buckets of hot tar up a ladder to the roof.

The trial court denied Privette's motion for summary judgment. Following Privette's unsuccessful attempt to obtain relief from the Court of Appeal, we granted his petition for review and issued an alternative writ to determine the applicability of the peculiar risk doctrine in this case.

## II

At common law, a person who hired an independent contractor generally was not liable to third parties for injuries caused by the contractor's negligence in performing the work. (Prosser & Keeton on Torts (5th ed. 1984) § 71, p. 509 [hereafter Prosser]; see *S.G. Borello & Sons, Inc.* v. *Department of Industrial Relations* (1989) 48 Cal.3d 341, 350 [256 Cal.Rptr. 543, 769 P.2d 399].) Central to this rule of nonliability was the recognition that a person who hired an independent contractor had " 'no right of control as to the mode of doing the work contracted for.' " (*Greene* v. *Soule* (1904) 145 Cal. 96, 99 [78 P. 337]; accord, *McDonald* v. *Shell Oil Co.* (1955) 44 Cal.2d 785, 788 [285 P.2d 902].) The reasoning was that the work performed was the enterprise of the contractor, who, as a matter of business convenience, would be better able than the person employing the contractor to absorb accident losses incurred in the course of the contracted work. This could be done, for instance, by indirectly including the cost of safety precautions and insurance coverage in the contract price. (Fleming, An Introduction to the Law of Torts (1967) pp. 172-173 [hereafter Fleming]; Prosser, *supra*, § 71, at p. 509; *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 250 [66 Cal.Rptr. 20, 437 P.2d 508].)

Over time, the courts have, for policy reasons, created so many exceptions to this general rule of nonliability that " ' "the rule is now primarily important as a preamble to the catalog of its exceptions." ' " (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 252, quoting *Pacific Fire Ins. Co.* v. *Kenny Boiler & Mfg. Co.* (1937) 201 Minn. 500 [277 N.W. 226]; Rest.2d Torts, §§ 410-429 and § 409, com. b, at p. 370 [describing the nonliability rule as " 'general' only in the sense that it is applied where no good reason is found for departing from it"].) One of these exceptions pertains to contracted work that poses some inherent risk of injury to others. This exception is commonly referred to as the doctrine of peculiar risk.

The origins of this doctrine can be traced to roughly the latter half of the nineteenth century, when a growing recognition developed in the courts that

a landowner who chose to undertake inherently dangerous activity on his land should not escape liability for injuries to others simply by hiring an independent contractor to do the work. As a leading English decision from 1876 put it: "[A] man who orders a work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise . . . cannot relieve himself of his responsibility by employing some one else . . . ." (*Bower* v. *Peate* (1876) 1 Q.B.D. 321, 326.) In that case, the English court held a landowner liable for damages to his neighbor's property when an independent contractor hired by the landowner to tear down an old house on his land and to build a new one on the same site, but with a deeper foundation, undermined the ground supporting the neighbor's house. (*Id.* at pp. 323, 324-327.)

Interestingly, 14 years earlier, in 1862, the United States Supreme Court had articulated similar reasoning in imposing liability on a landowner. (*Chicago* v. *Robbins* (1862) 67 U.S. (2 Black) 418, 426-427 [17 L.Ed. 298, 303-304].) In that case, a landowner had a contractor construct a building on his land. In the course of the work, the contractor excavated the adjoining city sidewalk and left the hole uncovered. A passerby fell into the hole, and sought recovery from the landowner for the resulting injuries. In holding the owner liable for the contractor's negligence, the high court reasoned that the injury had been caused "by the very nuisance which [the landowner] ha[d] created for his own benefit." (*Id.* at p. 427.)

The courts adopted the peculiar risk exception to the general rule of nonliability to ensure that innocent third parties injured by the negligence of an independent contractor hired by a landowner to do inherently dangerous work on the land would not have to depend on the contractor's solvency in order to receive compensation for the injuries. (See Note, *Liability to Employees of Independent Contractors Engaged in Inherently Dangerous Work: A Workable Workers' Compensation Proposal* (1980) 48 Fordham L.Rev. 1165, 1176-1178 [hereafter *A Workable Proposal*]; see also Comment, *The Peculiar Risk Doctrine: A Criticism of Its Application in California* (1988) 22 U.C. Davis L.Rev. 215, 222 [hereafter Comment].) It was believed that as between two parties innocent of any personal wrongdoing—the person who contracted for the work and the hapless victim of the contractor's negligence—the risk of loss occasioned by the contracted work was more fairly allocated to the person for whose benefit the job was undertaken. (Fleming, *supra*, p. 173.) Also, by spreading the risk of loss to the person who primarily benefited from the hired work, the courts sought to promote workplace safety, a concern of great significance to the public. (*Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 508 [156 Cal.Rptr. 41, 595 P.2d 619].)

■ A person held liable under the doctrine of peculiar risk is entitled to equitable indemnity from the independent contractor at fault for the injury. (Fleming, *supra*, p. 173; *Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d at p. 508; see *Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 628 [119 Cal.Rptr. 449, 532 P.2d 97] [distinguishing the right to indemnity based on principles of equity from contractually based indemnity]; *Pearson Ford Co.* v. *Ford Motor Co.* (1969) 273 Cal.App.2d 269, 272 [78 Cal.Rptr. 279] [describing the principle underlying equitable indemnity as the idea " 'that everyone is responsible for the consequences of his [or her] own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him [or her]' "].) Thus, although peculiar risk is sometimes described as a "nondelegable duty" rule (see Comment, *The Peculiar Risk Doctrine: High Rise Benefits for California Construction Workers* (1986) 19 Loy. L.A. L.Rev. 1495, 1498 [hereafter *High Rise Benefits*]; Comment, *supra*, 22 U.C. Davis L.Rev. 215, 219), it is in effect a form of vicarious liability. (Prosser, *supra*, § 71, at p. 511; Fleming, *supra*, at pp. 172-173; see also *A Workable Proposal*, *supra*, 48 Fordham L.Rev. 1165, 1171.)[2]

■ A critical inquiry in determining the applicability of the doctrine of peculiar risk is whether the work for which the contractor was hired involves a risk that is "peculiar to the work to be done," arising either from the nature or the location of the work and " 'against which a reasonable person would recognize the necessity of taking special precautions.' " (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d 502, 509, quoting *Griesel* v. *Dart Industries*, *supra*, 23 Cal.3d 578, 586; Rest.2d Torts, § 413, com. b.; *id.*, § 416, com. b.) The term "peculiar risk" means neither a risk that is abnormal to the type of work done, nor a risk that is abnormally great; it simply means " 'a special, recognizable danger arising out of the work itself.' " (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, at p. 509, quoting Rest.2d Torts, § 413, com. b.) For that reason, as this court has pointed out, the term "special risk" is probably a more accurate description than "peculiar risk," which is the terminology used in the Restatement. (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, at p. 509, fn. 2.)

[2]The conclusion that peculiar risk is a form of vicarious liability is unaffected by the characterization of the doctrine as "direct" liability in situations when the person hiring an independent contractor "fails to provide in the contract that the contractor shall take [special] precautions." (Rest.2d Torts, § 413; see *Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d at p. 509; *Griesel* v. *Dart Industries, Inc.* (1979) 23 Cal.3d 578, 585-586 [153 Cal.Rptr. 213, 591 P.2d 503].) Irrespective of whether a contract of hire provides that special precautions be taken, a person who employs an independent contractor to perform dangerous work is subject to liability under the doctrine of peculiar risk. (Rest.2d Torts, § 416.) Thus, peculiar risk liability is normally premised on the broader rule of vicarious liability for the contractor's negligence. (See *A Workable Proposal*, *supra*, 48 Fordham L.Rev. 1165, 1171; *Bower* v. *Peate*, *supra*, 1 Q.B.D. at p. 326 [the contractor's default is attributable to the person who authorized the work].)

■ Even when work performed by an independent contractor poses a special or peculiar risk of harm, however, the person who hired the contractor will not be liable for injury to others if the injury results from the contractor's "collateral" or "casual" negligence. (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d at p. 510; Prosser, *supra*, § 71, at pp. 515-516; Rest. 2d Torts, § 426.) An independent contractor's negligence is collateral, we have said, when the negligence involves an "operative detail of the work, as distinguished from the general plan or method to be followed." (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, at p. 510.) But, as we have also acknowledged, it is often difficult to distinguish those risks that are inherent in the work from those that are collateral, and the line to be drawn between the two types of risks is "shadowy." (*Van Arsdale* v. *Hollinger*, *supra*, 68 Cal.2d 245, 252, quoting Harper, Law of Torts (1933) § 292.)

## III

■ As we have seen, in its original form the doctrine of peculiar risk made a landowner liable to innocent bystanders or neighboring property owners who were injured by the negligent acts of an independent contractor hired by the landowner to perform dangerous work on his or her land. In turn, the landowner could sue the contractor for equitable indemnity.

Gradually, the peculiar risk doctrine was expanded to allow the hired contractor's employees to seek recovery from the nonnegligent property owner for injuries caused by the negligent contractor. California is among the minority of jurisdictions that has adopted this view. We applied this expansion of the doctrine for the first time in *Woolen* v. *Aerojet General Corp.* (1962) 57 Cal.2d 407, 410-411 [20 Cal.Rptr. 12, 369 P.2d 708], seeing "no reason to hold otherwise." Since *Woolen*, we have approved peculiar risk liability in favor of an independent contractor's employee in several decisions. (See, e.g., *Ferrel* v. *Safway Steel Scaffolds* (1962) 57 Cal.2d 651 [21 Cal.Rptr. 575, 371 P.2d 311]; *Van Arsdale* v. *Hollinger*, *supra*, 68 Cal.2d 245; *Griesel* v. *Dart Industries, Inc.*, *supra*, 23 Cal.3d 578; *Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d 502.) Privette, the property owner sued here, recognizes this. He urges us, however, to reconsider *Woolen* and its progeny. He argues that when the person injured by negligently performed contracted work is one of the contractor's own employees, the injury is already compensable under the workers' compensation scheme and therefore the doctrine of peculiar risk should provide no tort remedy, for those same injuries, against the person who hired the independent contractor. We agree, for reasons that follow.

## IV

Under the Workers' Compensation Act (hereafter the Act), all employees are automatically entitled to recover benefits for injuries "arising out of and

in the course of the employment." (Lab. Code, § 3600, subd. (a);[3] see also § 3716 [setting up an uninsured employers fund to provide benefits for employees not covered by workers' compensation insurance].) The workers' compensation system was created to provide, in the words of our state Constitution, "for the comfort, health and safety and general welfare of any and all workers and those dependent upon them for support to the extent of relieving from the consequences of any injury or death incurred or sustained by workers in the course of their employment . . . ." (Cal. Const., art. XIV, § 4.)

In *S.G. Borello & Sons, Inc.* v. *Department of Industrial Relations, supra,* 48 Cal.3d 341, 354, we articulated four distinct objectives of the Act: "(1) to ensure that the cost of industrial injuries will be part of the cost of goods rather than a burden on society, (2) to guarantee prompt, limited compensation for an employee's work injuries, regardless of fault, as an inevitable cost of production, (3) to spur increased industrial safety, and (4) in return, to insulate the employer from tort liability for his employees' injuries. [Citations.]"

When the conditions of compensation exist, recovery under the workers' compensation scheme "is the exclusive remedy against an employer for injury or death of an employee." (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 468 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], citing § 3602.) The purpose of this exclusivity provision is to give efficacy to the theoretical "compensation bargain" between the employer and employee. (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 16 [276 Cal.Rptr. 303, 801 P.2d 1054].) In *Shoemaker,* we described that bargain as follows: "[T]he employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations in the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort. [Citations.]" (*Ibid.*) The Act's exclusivity clause applies to work-related injuries regardless of fault, including those attributable to the employer's negligence or misconduct (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743]), as well as the employer's failure to provide a safe workplace (*Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 371 [184 Cal.Rptr. 560]). But the exclusivity clause does not preclude the employee from suing anyone else whose conduct was a proximate cause of the injury. (§ 3852; *Dafonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 598 [7 Cal.Rptr.2d 238, 828 P.2d 140]; *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 873 [140 Cal.Rptr. 638, 568 P.2d 363].)

---

[3]Further statutory references are to the Labor Code.

To encourage employers to obtain workers' compensation insurance for their employees, the Act's "exclusive remedy" clause does not apply in favor of employers that fail to obtain such insurance, and consequently they are not immune from tort liability for such injuries. (§ 3706.) Conversely, an employer that provides compensation coverage has no further liability for workplace injuries to an employee. Therefore, if a nonnegligent third party pays damages for an employee's injuries that are attributable in whole or in part to the negligence of the employer, the Act's limitations on employer liability preclude the third party from obtaining equitable indemnity from the employer. (§ 3864; see generally, *Alameda Tank Co., Inc.* v. *Starkist Foods, Inc.* (1980) 103 Cal.App.3d 428, 433 [162 Cal.Rptr. 924].)

V

When an independent contractor causes injury to the contractor's own employee, the Act's "exclusive remedy" provision shields the contractor from further liability for the injury. Yet, under the expansive view of the peculiar risk doctrine that has been adopted in California and a minority of other jurisdictions, the person who hired the independent contractor can, for the same injury-causing conduct of the contractor, be held liable in a tort action for the injuries to the contractor's employee. Because this expansive view produces the anomalous result that a nonnegligent person's liability for an injury is greater than that of the person whose negligence actually caused the injury, it has been widely criticized. (See generally, Comment, *supra,* 22 U.C. Davis L.Rev. at pp. 231-235; *id.* at p. 218, fn. 18 [and cases cited therein]; *High Rise Benefits, supra,* 19 Loyola L.A. L.Rev. 1495; *A Workable Proposal, supra,* 48 Fordham L.Rev. 1165.) Indeed, most courts that have considered the issue have refused to extend the peculiar risk doctrine to allow such an employee to recover tort damages from the person who hired the contractor. (*Wagner* v. *Continental Cas. Co.* (1988) 143 Wis.2d 379 [421 N.W.2d 835]; *Peone* v. *Regulas Stud Mills* (1987) 113 Idaho 374 [744 P.2d 102, 106]; *Jones* v. *Chevron U.S.A., Inc.* (Wyo. 1986) 718 P.2d 890; *Vertentes* v. *Barletta Co., Inc.* (1984) 392 Mass. 165 [466 N.E.2d 500]; *Johns* v. *New York Blower Co.* (Ind.Ct.App. 1982) 442 N.E.2d 382 [34 A.L.R.4th 904]; *Tauscher* v. *Puget Sound Power and Light Co.* (1981) 96 Wn.2d 274 [635 P.2d 426]; *Cooper* v. *Metropolitan Government of Nashville and Davidson County* (Tenn.Ct.App. 1981) 628 S.W.2d 30; *Conover* v. *Northern States Power Co.* (Minn. 1981) 313 N.W.2d 397; *Jackson* v. *Petit Jean Electric Co-op* (1980) 279 Ark. 506 [606 S.W.2d 66]; *Donch* v. *Delta Inspection Services, Inc.* (1979) 165 N.J. Super. 567 [398 A.2d 925]; *Vagle* v. *Pickands Mather & Co.* (8th Cir. 1979) 611 F.2d 1212, 1218 [interpreting Minn. law]; *Sloan* v. *Atlantic Richfield Co.* (Alaska 1976) 552 P.2d 157; *King* v. *Shelby Rural Electric Cooperative Corp.* (Ky.Ct.App. 1973) 502 S.W.2d 659; *Olson*

v. *Kilstofte and Vosejpka, Inc.* (D.Minn. 1971) 327 F.Supp. 583, 587; *Welker* v. *Kennecott Copper Co.* (1965) 1 Ariz. App. 395 [403 P.2d 330]; but see *Elliott* v. *Public Service Co. of N.H.* (1986) 128 N.H. 676 [517 A.2d 1185].)

As one court observed, the "principal" who hires an independent contractor should be subject to no greater liability "than its [independent contractor] agent," whose exposure for injury to an employee is limited to providing workers' compensation insurance. (*Olson* v. *Kilstofte and Vosejpka, Inc., supra,* 327 F.Supp. 583, 587.) Other courts have reasoned that the rule of workers' compensation exclusivity, which shields an independent contractor who pays workers' compensation insurance premiums from further liability to its employees for on-the-job injuries, should equally protect the property owner who, in hiring the contractor, is indirectly paying for the cost of such coverage, which the contractor presumably has calculated into the contract price. Therefore, these courts have concluded, the property owner should not have to pay for injuries caused by the contractor's negligent performance of the work when workers' compensation statutes already cover those injuries. (*Jones* v. *Chevron U.S.A., Inc., supra,* 718 P.2d at p. 899; *Johns* v. *New York Blower Co., supra,* 442 N.E.2d at p. 388; *Vertentes* v. *Barletta Co., Inc., supra,* 466 N.E.2d at p. 503; *Welker* v. *Kennecott Copper Co., supra,* 403 P.2d 330, 338-339; *Tauscher* v. *Puget Sound Power and Light Co., supra,* 635 P.2d at p. 430; *Jackson* v. *Petit Jean Elec. Co-op., supra,* 606 S.W.2d at p. 69; *Wagner* v. *Continental Cas. Co., supra,* 421 N.W.2d at pp. 842-843; *Donch* v. *Delta Inspection Services, Inc., supra,* 398 A.2d at p. 929; *Peone* v. *Regulas Stud Mills, supra,* 744 P.2d at p. 106; see also *A Workable Proposal, supra,* 48 Fordham L.Rev. at p. 1180.)

Similar reasoning appears in a tentative draft of the Restatement Second of Torts; it too concludes that a hiring party's liability should not extend to an independent contractor's employees who are injured as a result of the negligently performed contracted work. (Rest.2d Torts (Tent. Draft. No. 7, Apr. 16, 1962) ch. 15, special note, pp. 17-18 [recognizing that workplace injuries incurred by an independent contractor's employees are covered by workers' compensation insurance, the cost of which is "included by the contractor in his contract price" and "ultimately . . . borne by the defendant who hires him"].) The tentative draft's proposed limitation on liability was not included in the Restatement itself, however, because of the lack of uniformity in the workers' compensation statutes that have been adopted throughout the United States. (See Proceedings of ALI (39th Ann. Meeting, 1962) pp. 244-246; see also *High Rise Benefits, supra,* 19 Loyola L.A. L.Rev. 1496, 1505.)

Courts and legal commentators have expressed concern that to allow an independent contractor's employees who incur work-related injuries compensable under the workers' compensation system to also seek damages

under the doctrine of peculiar risk from the person who hired the contractor would give those employees an unwarranted windfall. As these authorities point out, to permit such recovery would give these employees something that is denied to other workers: the right to recover tort damages for industrial injuries caused by their employer's failure to provide a safe working environment. This, in effect, would exempt a single class of employees, those who work for independent contractors, from the statutorily mandated limits of workers' compensation. (*Vagle* v. *Pickands Mather & Co.*, *supra*, 611 F.2d 1212, 1218; *High Rise Benefits*, *supra*, 19 Loyola L.A. L.Rev. 1495, 1499; *A Workable Proposal*, *supra*, 48 Fordham L.Rev. at p. 1180; see also *West* v. *Guy F. Atkinson Construction Co.* (1967) 251 Cal.App.2d 296, 301 [59 Cal.Rptr. 286].) Moreover, to impose vicarious liability for tort damages on a person who hires an independent contractor for specialized work would penalize those individuals who hire experts to perform dangerous work rather than assigning such activity to their own inexperienced employees. (*Wagner* v. *Continental Cas. Co.*, *supra*, 421 N.W.2d at p. 842; *King* v. *Shelby Rural Electric Cooperative Corp.*, *supra*, 502 S.W.2d at p. 663.)

## VI

As mentioned earlier, we have, since our decision in *Woolen* v. *Aerojet General Corp.*, *supra*, 57 Cal.2d 407, adhered to the view that under the doctrine of peculiar risk an employee of an independent contractor injured on the job may seek tort damages from the person who hired the contractor. Until today, we have had no occasion to attempt to reconcile our decision in *Woolen* with the provision of the workers' compensation scheme limiting employer liability for an employee's work-related injury to providing workers' compensation coverage.

Our most recent application of the peculiar risk doctrine occurred in *Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d 502, a case in which an employee of a wrecking firm hired by a brewery to demolish some of its buildings was awarded tort damages against the brewery owner for on-the-job injuries. In discussing the issue of the workers' compensation insurance carrier's entitlement to reimbursement from the brewery for benefits paid to the employee, we made only a passing reference to the employee's receipt of workers' compensation. We did not address the propriety of imposing vicarious liability on the brewery owner for a workplace injury that was subject to workers' compensation coverage. To justify imposition of liability on the brewery owner for injuries to the independent contractor's employee, we merely reiterated policy reasons supporting peculiar risk liability generally, including the ability of persons held liable under the peculiar risk

doctrine to seek indemnification from the negligent contractor. (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, at p. 508.) Not considered in *Aceves*, however, was the unavailability of equitable indemnity from a negligent employer whose employee is covered by workers' compensation, an issue we address here.

When a property owner or general contractor who hires an independent contractor for work presenting a peculiar risk of harm to others is held liable under the doctrine of peculiar risk for injuries to an innocent bystander or an owner of neighboring land, the property owner or general contractor can, for the damages paid the injured party, obtain equitable indemnity from the independent contractor responsible for the injuries. This ensures that the ultimate responsibility for the harm caused by the peculiar risk of the work done is borne by the individual or entity at fault for the injury. But when the person injured is an employee of the independent contractor, the exclusivity provisions of the workers' compensation scheme shield the negligent contractor from an action seeking equitable indemnity. (§ 3864.) Not present in such a case is a significant policy justification for imposing peculiar risk liability on a nonnegligent party: the ability of the person held liable on a peculiar risk theory to be made whole by the party responsible for the injury. As one California Court of Appeal has recognized, affixing liability without indemnification places an onerous burden on someone who is "fault-free." (*Anderson* v. *Chancellor Western Oil Dev. Corp.* (1975) 53 Cal.App.3d 235, 242-243, fn. 2 [125 Cal.Rptr. 640].)

The availability of equitable indemnity, as mentioned earlier, is but one of several policy reasons that generally support the imposition of peculiar risk liability. In addition, the peculiar risk doctrine seeks to ensure that injuries caused by contracted work will not go uncompensated, that the risk of loss for such injuries is spread to the person who contracted for and thus primarily benefited from the contracted work, and that adequate safety measures are taken to prevent injuries resulting from such work. (*Aceves* v. *Regal Pale Brewing Co.*, *supra*, 24 Cal.3d at p. 508.) But in the case of on-the-job injury to an employee of an independent contractor, the workers' compensation system of recovery regardless of fault achieves the identical purposes that underlie recovery under the doctrine of peculiar risk: It ensures compensation for injury by providing swift and sure compensation to employees for any workplace injury; it spreads the risk created by the performance of dangerous work to those who contract for and thus benefit from such work, by including the cost of workers' compensation insurance in the price for the contracted work; and it encourages industrial safety.

Therefore, when considered in light of the various goals that the workers' compensation statutes seek to achieve, our conclusion in *Woolen* v. *Aerojet*

*General Corp.*, *supra*, 57 Cal.2d 407, that peculiar risk liability should extend to the employees of the independent contractor, does not withstand scrutiny.[4] Moreover, such a broad extension of the doctrine of peculiar risk is inconsistent with the approach taken by a majority of jurisdictions, and with the view expressed by the drafters of the Restatement Second of Torts.

## VII

In his complaint against Privette (the owner of the duplex where roofing employee Contreras was injured while installing a roof), Contreras asserted Privette's liability under the doctrine of peculiar risk for the injuries suffered. Without question, Contreras's injuries arose "out of and in the course of . . . employment," and thus are subject to workers' compensation coverage. (§ 3600.) Thus, the doctrine of peculiar risk affords Contreras no basis for seeking damages from Privette for the same injuries compensable under the workers' compensation scheme.

The complaint also alleged as a separate cause of action that Privette was negligent in his hiring of the Krause roofing firm, which employed Contreras. But, as mentioned at the outset, Contreras abandoned that theory of recovery.

Throughout this litigation, Privette has asserted that the injury-causing conduct, transporting hot tar up a ladder in a bucket, was a "collateral" as opposed to a "peculiar" risk of tar and gravel roofing. We need not address this contention in view of our conclusion that because workplace injuries are covered by workers' compensation, liability under the doctrine of peculiar risk does not extend to the employees of an independent contractor hired to do dangerous work.

## CONCLUSION

When, as here, the injuries resulting from an independent contractor's performance of inherently dangerous work are to an employee of the contractor, and thus subject to workers' compensation coverage, the doctrine of peculiar risk affords no basis for the employee to seek recovery of tort damages from the person who hired the contractor but did not cause the injuries. Thus, in this case, roofing employee Contreras is precluded from suing duplex owner Privette for injuries compensable under the workers' compensation system.

Accordingly, the judgment of the Court of Appeal is reversed with directions to grant the petition for writ of mandate ordering respondent court to enter judgment for defendant. The alternative writ is discharged.

---

[4]To the extent that they hold to the contrary, *Woolen* v. *Aerojet General Corp.*, *supra*, 57 Cal.2d 407, and its progeny are overruled.

Lucas, C. J., Mosk, J., Panelli, J., Arabian, J., Baxter, J., and George, J., concurred.

The petition of real party in interest for a rehearing was denied September 16, 1993, and the opinion was modified to read as printed above.