74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric MARTINEZ, Plaintiff-Appellant,
v.
SUMMIT BUILDERS, Defendant-Appellee.
 No. 94-56150.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided Jan. 17, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Eric Martinez appeals the district court's summary judgment for Summit Builders in Martinez's diversity action alleging negligence. Martinez, a roofer, was injured after he fell off the roof of a building on which he was working for Bryant Universal Roofing, Inc., a subcontractor hired by Summit. Martinez alleged that Summit negligently maintained and supervised the site where Martinez worked.
 
 
 4
 In this appeal, Martinez acknowledges that the California Supreme Court's recent decision in Privette v. Superior Court, 854 P.2d 721 (Cal.1993), prevents Martinez from relying upon the "peculiar risk" doctrine for recovery against Summit. Privette held that non-negligent prime contractors are shielded from vicarious liability for injuries suffered by employees of subcontractors, because imposition of vicarious liability would subvert the purpose of workers compensation laws.
 
 
 5
 Martinez contends that the district court erred in granting summary judgment for Summit because there is a genuine issue of material fact as to whether Summit, as the general contractor, breached a duty under California law to provide a safe work environment for Martinez, a subcontractor's employee. Our recent decision in Yanez v. United States, 63 F.3d 870 (9th Cir.1995), however, precludes this contention. There, we held that under California law post-Privette, a general contractor may be liable for the injuries of a subcontractor's employee only in very limited circumstances. Id.
 
 
 6
 First, liability may arise when a general contractor fails to delegate adequately responsibility for safety protections to the subcontractor. Yanez, 63 F.3d at 873. In this case, however, Martinez does not allege that the delegation was inadequate.
 
 
 7
 Second, a general contractor may be liable to employees of a subcontractor if it exercises a sufficient degree of control over the relevant part of the work. Yanez, 63 F.3d at 874-75. In this case Summit produced various declarations to the effect that it exercised little control over the roofing project, and Martinez's declarations fail to raise a genuine issue of material fact as to that question.
 
 
 8
 Finally, a contractor may be liable if it has knowledge of a safety violation and fails to correct it. See Yanez, 63 F.3d at 875. There is no such showing in this record.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3