[No. B184046. Second Dist., Div. Three. July 11, 2007.]

DANIEL EVARD et al., Plaintiffs and Appellants, v.
SOUTHERN CALIFORNIA EDISON, Defendant, Cross-complainant and
Appellant;
HEYWOOD OUTDOOR ADVERTISING, INC., et al., Defendants,
Cross-defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

_____
\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for
publication with the exception of part V.B. and C.

138

**COUNSEL**

Thon, Beck & Vanni, Daniel P. Powell; Esner, Chang & Ellis, Stuart B. Esner and Andrew N. Chang for Plaintiffs and Appellants.

Law Offices of Don H. Zell, Don H. Zell and Robert E. Suttle for Defendant, Cross-complainant and Appellant.

Law Offices of Linda M. Libertucci and Sarah Yoseloff for Defendants, Cross-defendants and Respondents.

**OPINION**

**KITCHING, J.—**

## I. INTRODUCTION

An employee of an independent contractor sued the owners of a billboard, who hired the independent contractor, for injuries the employee incurred when he fell from the billboard. The issue in this appeal is whether a billboard safety regulation created a nondelegable duty owed by the billboard owners to the employee, and if it did, whether the owners breached that duty.

Plaintiffs Daniel Evard and Christina Evard, and defendant and cross-complainant Southern California Edison (SCE), appeal from a summary judgment entered for defendants Heywood Outdoor Advertising, Inc. (Heywood), and Western Empire Industries, Inc. (Western Empire), in plaintiffs' personal injury action. Heywood and Western Empire owned an outdoor billboard and hired Evard's employer as an independent contractor to perform work on that billboard. Evard was injured during this work. Although workers' compensation covered Evard's injuries, he and SCE also seek to

hold Heywood and Western Empire, the hirers of his independent contractor employer, liable for his injuries. We find that Evard and SCE have shown that a triable issue of fact exists as to whether Heywood and Western Empire breached their nondelegable duty to comply with a general industry safety order governing outdoor advertising structures. We therefore reverse the judgment.

## II. FACTUAL AND PROCEDURAL HISTORY

On June 23, 2004, plaintiffs Daniel Evard and Christina Evard filed a complaint against defendants SCE, Heywood, and William H. Dagg and the William H. Dagg Trust (Dagg). Heywood owned billboards. The negligence cause of action alleged that Daniel Evard was injured while he replaced an outdoor advertisement on a billboard at Heywood's request. The complaint alleged that Evard handled an aluminum pole that had contact with SCE's overhead transmission line, which transmitted electric energy to Evard, causing him to be shocked and to sustain severe personal injuries. Christina Evard alleged a cause of action for loss of consortium.

Heywood, SCE, and Western Empire filed a series of cross-complaints.[1] For purposes of this appeal, the important cross-complaint is the one SCE filed against Heywood, Western Empire, and Dagg for indemnity and/or contribution. Heywood and Western Empire filed a motion for summary judgment, which SCE and plaintiffs opposed. The following facts are undisputed.

Heywood and Western Empire owned a billboard sign located at Highway 62 and Chemehuevi Way in Yucca Valley, and hired A.M.P. Tree Service as an independent contractor to work on that billboard sign.

Plaintiff Daniel Evard's employer, A.M.P. Tree Service, directed him to work on the billboard sign. Dagg owned the land on which the billboard was located. SCE owned and operated high-voltage electric power lines in the vicinity of the billboard. Before the accident, Evard knew that SCE's high-voltage electrical lines were some distance above the billboard, that those electrical lines were dangerous, that touching those electrical lines with a metal pole would be harmful, and that if he came near those lines he would get hurt.

---

[1] Heywood filed a cross-complaint against SCE and Dagg for comparative indemnity, contribution, and declaratory relief. SCE filed a cross-complaint for indemnity and/or contribution against Heywood and Dagg. Western Empire filed a cross-complaint against SCE and Dagg for comparative indemnity, contribution, and declaratory relief. SCE then amended its cross-complaint to add Western Empire as a cross-defendant.

Evard understood that A.M.P. Tree Service company policy required him to hook his harness at all times while he was on a billboard. Before the accident, however, Evard did not tie his harness to the ladder he stood on at the top of the billboard. As Evard attempted to place a metal bar into vinyl at the corner of the billboard, he felt "zapped" and "jolted." After the jolt, Evard fell off the ladder and hit the ground.

At the time of the accident, A.M.P. Tree Service had a supply of fiberglass poles for use on Heywood billboards, so its employees could use fiberglass poles if they believed the billboard was too close to a power line.

A.M.P. Tree Service's workers' compensation insurance covered Evard.

The trial court granted the summary judgment motion, and entered judgment for Heywood and Western Empire and against Daniel and Christina Evard, SCE, and Dagg.

SCE and Daniel and Christina Evard filed timely notices of appeal.

### III. ISSUE

This appeal presents two issues: (1) whether a general industry safety order, section 3416 of title 8 of the California Code of Regulations, imposed a nondelegable duty on Heywood and Western Empire as owners of the billboard; and (2) if it did, does a triable issue of fact exist as to whether Heywood and Western Empire breached that nondelegable duty.

### IV. STANDARD OF REVIEW

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.] In the trial court, once a moving defendant has 'shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff 'may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .' [Citations.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476–477 [110 Cal.Rptr.2d 370, 28 P.3d 116].)

## V. DISCUSSION

A. *Defendants Owed a Nondelegable Duty to Comply with a Billboard Safety Regulation, and There Is a Triable Issue of Fact as to Whether Defendants Breached That Duty*

### 1. Privette *and Its Progeny*

The California Supreme Court has considered several cases in which it determined whether the employee of an independent contractor may sue the hirer of that independent contractor.

■ "At common law, a person who hired an independent contractor generally was not liable to third parties for injuries caused by the contractor's negligence in performing the work." (*Privette v. Superior Court* (1993) 5 Cal.4th 689, 693 [21 Cal.Rptr.2d 72, 854 P.2d 721].) For policy reasons, over time the courts have created many exceptions to this general common law rule. One such exception is the "doctrine of peculiar risk." (*Ibid.*) "Under the peculiar risk doctrine, a person who hires an independent contractor to perform work that is inherently dangerous can be held liable for tort damages when the contractor's negligent performance of the work causes injuries to others." (*Id.* at p. 691.) However, when the independent contractor's employee suffers injuries, "the doctrine of peculiar risk affords no basis for the employee to seek recovery of tort damages from the person who hired the contractor but did not cause the injuries." (*Id.* at p. 702.) That is because workers' compensation insurance already covers the employee. (*Id.* at p. 692.)

■ *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253 [74 Cal.Rptr.2d 878, 955 P.2d 504] held that "an employee of a contractor may not sue the hirer of the contractor under either of the alternative versions of the peculiar risk doctrine set forth in sections 413 and 416 [of the Restatement Second of Torts]." (*Hooker v. Department of Transportation* (2002) 27 Cal.4th 198, 201 [115 Cal.Rptr.2d 853, 38 P.3d 1081], italics omitted.) The *Toland* court stated: "[E]ven though a person hiring an independent contractor to do inherently dangerous work can be liable under the peculiar risk doctrine for failing to see to it that a hired contractor take special precautions to protect neighboring property owners or innocent bystanders, [under *Privette*] such a person has no obligation to specify the precautions an independent hired contractor should take for the safety of the contractor's employees. Absent an obligation, there can be no liability in tort." (*Toland*, at p. 267, italics omitted.)

After *Privette* and *Toland*, however, a series of California Supreme Court decisions have set forth situations wherein employees of independent contractors may sue in tort the hirer, owner, or general contractor.

█ *Hooker v. Department of Transportation, supra*, 27 Cal.4th 198, addressed a cause of action for negligent exercise of retained control based on section 414 of Restatement Second of Torts, which states: " 'One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.' " (*Hooker*, at p. 206, italics omitted.) *Hooker* held that to be liable for injuries to an independent contractor's employee, the hirer must do more than retain control over worksite safety conditions. The hirer must exercise that retained control "in a manner that *affirmatively* contributed to the injury of the contractor's employee." (*Id.* at p. 210.) This affirmative contribution to the employee's injury becomes a form of direct liability. (*Id.* at p. 212.) It can take the form of actively directing a contractor or contractor's employee, but can also take the form of a hirer's omission, such as failing to undertake a particular safety measure after promising to do so. (*Id.* at p. 212, fn. 3.) *Hooker* holds that if a hirer retains control over safety conditions at a worksite and negligently exercises that retained control so as to affirmatively contribute to the injury of the independent contractor's employee, the hirer is subject to direct liability to the injured employee. (*Id.* at p. 213.)

█ *McKown v. Wal-Mart Stores, Inc.* (2002) 27 Cal.4th 219 [115 Cal.Rptr.2d 868, 38 P.3d 1094] addressed another form of direct liability arising from the hirer's affirmative contribution to injuries sustained by an employee of the hired independent contractor. "[W]hen a hirer of an independent contractor, by negligently furnishing unsafe equipment to the contractor, affirmatively contributes to the injury of an employee of the contractor, the hirer should be liable to the employee for the consequences of the hirer's own negligence." (*Id.* at p. 225.) Thus it was the negligence of the hirer, defendant Wal-Mart, not that of the independent contractor, that made Wal-Mart liable for the injury to the employee. (*Barclay v. Jesse M. Lange Distributor, Inc.* (2005) 129 Cal.App.4th 281, 294 [28 Cal.Rptr.3d 242].)

█ Finally, *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659 [36 Cal.Rptr.3d 495, 123 P.3d 931] held that a "hirer as landowner may be independently liable to [a] contractor's employee, even if it does not retain control over the work, if: (1) it knows or reasonably should know of a concealed, preexisting hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor." (*Id.* at p. 675.)

None of the previously discussed California Supreme Court cases considered the theory of breach of regulatory duty. We turn to that issue now.

### 2. *Heywood and Western Empire Owed a Nondelegable Duty to Comply with a Safety Regulation as a Matter of Law*

The issue is whether Heywood and Western Empire, who owned the billboard and hired Evard's employer, A.M.P. Tree Service, negligently violated a general industry safety order that required them to maintain the billboard in a safe condition and to provide precautions against injuries to workers performing work on the billboard. That general industry safety order is California Code of Regulations, title 8, section 3416, subdivision (a) (section 3416(a)). It states: "All outdoor advertising structure platforms, over 7-1/2 feet above ground or other surface, which are not provided with standard guardrails and where employees' work requires horizontal movement, shall be provided with a horizontal safety line. [¶] Exception: When the employee's safety belt or harness lanyard is secured to the special purpose poster ladder."

#### a. *The Doctrine of Nondelegable Duty Survives* Privette, *and Section 3416(a) Imposes a Nondelegable Duty on Heywood and Western Empire as Owners of the Billboard*

██ "A nondelegable duty is a definite affirmative duty the law imposes on one by reason of his or her relationship with others. One cannot escape this duty by entrusting it to an independent contractor." (*Felmlee v. Falcon Cable TV* (1995) 36 Cal.App.4th 1032, 1036 [43 Cal.Rptr.2d 158].) A nondelegable duty may arise when a statute or regulation requires specific safeguards or precautions to ensure others' safety. (See *Felmlee*, at p. 1038.) Restatement Second of Torts, section 424, states the nondelegable duty rule as follows: "One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions."

██ *Privette* did not abolish liability for breach of a nondelegable duty imposed by statute or regulation. (See *Felmlee v. Falcon Cable TV, supra,* 36 Cal.App.4th at p. 1038; *Park v. Burlington Northern Santa Fe Railway Co.* (2003) 108 Cal.App.4th 595, 610 [133 Cal.Rptr.2d 757].) "Although an

injured worker who obtains workers' compensation may not sue a general contractor for a peculiar risk, such a worker may sue the general contractor for specific, nondelegable duties in certain cases." (*Felmlee*, at p. 1038.)

The billboard owner is responsible for compliance with section 3416(a). (See *Finnegan v. Royal Realty Co.* (1950) 35 Cal.2d 409, 423 [218 P.2d 17]; *Barclay v. Jesse M. Lange Distributor, Inc., supra,* 129 Cal.App.4th at p. 301.) The duty to comply with applicable safety regulations and statutes is a nondelegable duty. (See *Maloney v. Rath* (1968) 69 Cal.2d 442, 447 [71 Cal.Rptr. 897, 445 P.2d 513].) We find as a matter of law that section 3416(a) imposed a nondelegable duty on Heywood and Western Empire as owners of the billboard, an "outdoor advertising structure platform[]."

> b. *SCE has Created a Triable Issue of Fact as to Whether Defendants Breached Their Nondelegable Duty to Comply with a Billboard Safety Regulation*

Section 3416(a) imposed a nondelegable duty on Heywood and Western Empire to take one of three safety precautions: (1) to provide standard guardrails; (2) to provide a horizontal safety line; or (3) to ensure that the employee's safety belt or harness lanyard was secured to a special purpose poster ladder. The question becomes whether the failure to comply with section 3416(a) breached the nondelegable duty imposed by that regulation.

The liability of a hirer or owner for injury to employees of independent contractors caused by breach of a nondelegable duty imposed by statute or regulation continues to be subject to the test in *Hooker.* (*Park v. Burlington Northern Santa Fe Railway Co., supra,* 108 Cal.App.4th at p. 610; *Barclay v. Jesse M. Lange Distributor, Inc., supra,* 129 Cal.App.4th at pp. 295, 297.) Under that test, "an owner may be liable if its breach of regulatory duties affirmatively contributes to injury of a contractor's employee." (*Barclay,* at p. 290; see *Park,* at p. 610; see also *Kinsman v. Unocal Corp., supra,* 37 Cal.4th at p. 671; *Ruiz v. Herman Weissker, Inc.* (2005) 130 Cal.App.4th 52, 63–64 [29 Cal.Rptr.3d 641].)

Liability may be predicated on a property owner's "breach of its own regulatory duties, regardless of whether or not it voluntarily retained control or actively participated in the project. [Citation.] For purposes of imposing liability for affirmatively contributing to a plaintiff's injuries, the affirmative contribution need not be active conduct but may be in the form of an omission to act. [Citation.]" (*Barclay v. Jesse M. Lange Distributor, Inc., supra,* 129 Cal.App.4th at p. 301; see *Hooker v. Department of Transportation, supra,* 27 Cal.4th at p. 212, fn. 3.) Here, failure to comply with section 3416(a)

is an omission. This omission creates a triable issue of fact as to whether the defendants breached their nondelegable duty in a manner that affirmatively contributed to Evard's injury. (See *Barclay*, at p. 298.)

Heywood and Western Empire cited no evidence that the billboard had standard guardrails or a horizontal safety line. SCE's supplemental separate statement in opposition to the summary judgment motion cited deposition testimony of plaintiff Daniel Evard and of Victor Rodriguez that the billboard had a horizontal platform higher than seven and one-half feet from the ground but did not have a horizontal safety cable to tie off on. Thus there is a triable issue of fact whether the billboard owner's omissions—the billboard owner's failure to comply with section 3416(a)—affirmatively contributed to Evard's injury by providing no guardrails to stop his fall, and no safety line on which he could tie off, allowing him to fall when he received a shock from the electrical power line.

■ If the billboard owner does not provide standard guardrails or a horizontal safety line, there is a third way to comply with section 3416(a): its "exception" states that the billboard owner can assure that the employee's safety belt or harness lanyard is secured to a special purpose poster ladder. We construe this to be a third way that the billboard owner can comply with section 3416(a). Since Heywood and Western Empire did not provide standard guardrails or a horizontal safety line, these defendants had a nondelegable duty to assure that the employee's safety belt or harness lanyard was secured to a special purpose poster ladder. It was undisputed that before the accident, Evard did not tie his harness off onto the ladder when he attempted to insert a pole into the billboard. Thus there was a triable issue of fact whether the breach of the nondelegable regulatory duty to comply with section 3416(a) affirmatively contributed to the employee's injuries.

■ We conclude that SCE showed that a triable issue of fact existed whether the failure of Western Empire and Heywood to comply with section 3416(a) breached their nondelegable regulatory duty in a manner that affirmatively contributed to Evard's injury. (*Barclay v. Jesse M. Lange Distributor, Inc., supra*, 129 Cal.App.4th at p. 295.)

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 137.

## VI. DISPOSITION

Summary judgment is reversed as to defendants Heywood Outdoor Advertising, Inc., and Western Empire Industries. Costs on appeal are awarded to plaintiffs Daniel Evard and Christina Evard and defendant and cross-complainant Southern California Edison.

Croskey, Acting P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied August 3, 2007, and respondents' petition for review by the Supreme Court was denied October 10, 2007, S155540.