WERDEGAR, J., Concurring.
I agree with the majority that defendant US Airways, Inc., is entitled to summary judgment. I do not agree with the majority’s reasoning.
I
We originally granted review to resolve a conflict between various divisions of the Court of Appeal concerning nondelegable duties. Decisions of this court beginning with Privette v. Superior Court (1993) 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721] (Privette) generally prevent employees who are injured at work from suing the person who hired their employer,* [1] subject to certain exceptions.[2] Under one of those exceptions, liability can still exist when the injury was caused by the hirer’s breach of a nondelegable duty articulated in a safety statute or regulation.[3] Courts have differed, however, on the question whether liability can be predicated simply on the hirer’s passive omission to comply with such duty, or whether liability also requires a showing that the hirer made some additional, affirmative contribution to the injury.[4] The former view is somewhat closer to strict liability, the latter less so. It was to resolve this conflict that we granted review.
*605 The Court of Appeal, ostensibly taking the former view but arguably moving further in the direction of strict liability, concluded defendant’s failure to comply with regulations requiring safety guards on conveyor belts (Cal. Code Regs., tit. 8, §§ 3999, 4002) created a potential for liability justifying the case’s submission to a jury, even though no admissible evidence showed how the accident had occurred. Anthony Verdón Lujan, the injured employee, claimed not to know how his arm had become caught in the machine. Immediately after the accident, Verdón’s supervisor and coworker filed incident reports asserting that Verdón had violated safety rules by inserting his hand into the machinery to remove debris without first turning it off. Later, however, the same employees signed declarations repudiating their reports, stating they had not witnessed the accident or discussed it with Verdón and had instead based their reports on “a guess as to what may have caused the accident.” The superior court excluded for lack of foundation the only other evidence concerning causation—an accident reconstruction expert’s opinion that safety guards would have prevented the accident, based on supposed deposition testimony that turned out not to exist. On this record, the superior court properly held that no evidence raised a triable issue of fact as to causation and thus granted summary judgment for defendant. This ruling was correct no matter which of the competing rules one favors, because the hirer’s failure to comply with a nondelegable duty, in order to create liability, must still be a proximate cause of the injury. (E.g., Madden v. Summit View, Inc., supra, 165 Cal.App.4th 1267, 1280-1281.) This essential principle of tort law disposes of the case before us.
H
In concluding summary judgment for defendant was proper, the majority does not answer the specific question about nondelegable duties that prompted us to grant review. Instead, addressing a different question and adopting a rule broader than any party has proposed, the majority holds that an employer’s duties under the California Occupational Safety and Health Act of 1973 (Cal-OSHA) (Lab. Code, § 6300 et seq.)[5] and the regulations issued under its authority are delegable and, moreover, are presumptively delegated to independent contractors. In so holding, the majority treats Cal-OSHA statutes and regulations differently, and less deferentially, than other laws imposing safety obligations on actors subject to governmental oversight—a category of laws that has long been considered to impose nondelegable duties for purposes of tort law. (See generally Maloney v. Rath (1968) 69 Cal.2d 442, 446-448 [71 Cal.Rptr. 897, 445 P.2d 513].) Given the factual record and the manner in which this case has been presented, I question whether it offers an appropriate occasion for such a holding. Moreover, the holding may well be wrong for reasons the majority does not consider.
*606 Whether a person upon whom the Legislature has imposed the duty to maintain a safe workplace (§ 6400, subd. (a)) may delegate that duty ought to be at least partly a function of legislative intent. Implicitly recognizing this, the majority attempts to claim for its holding—if not legislative authority—at least legislative neutrality. “Not present here,” the majority writes, “is a situation in which the relevant statutes or regulations indicate an intent to limit the application of Privette, supra, 5 Cal.4th 689, or preclude delegation of the tort law duty, if any, that the hirer owes to the contractor’s employees.” (Maj. opn., ante, at p. 594, fn. 1.)
To the contrary, nondelegability is the clear, unavoidable import of section 6400, subdivision (b), which confirms that Cal-OSHA authorizes the Division of Occupational Safety & Health (DOSH) to issue citations to employers at multiemployer worksites when an employee has been exposed to a hazard “in violation of any requirement enforceable by the [DOSH],” “regardless of whether their own employees were exposed to the hazard.” The list of employers who may be cited for hazards endangering the employees of other employers includes, among others, “[t]he employer who actually created the hazard” (§ 6400, subd. (b)(2)) and “[t]he employer who was responsible, by contract or through actual practice, for safety and health conditions on the worksite, which is the employer who had the authority for ensuring that the hazardous condition is corrected” (id., subd. (b)(3)). While the most common multiemployer worksite is perhaps the construction site, the statute expressly covers “both construction and nonconstruction” worksites. (Id., subd. (b).) That the employer’s duties under these circumstances extend to the employees of other employers is necessarily implicit in the statute, as no citation can logically issue unless a duty has been breached. A contrary interpretation would defeat the statute’s purpose.
The statutory language addressing multiemployer worksites (§ 6400, subd. (b)) is part of the statute that articulates the fundamental duty of employers to provide a safe workplace (id., subd. (a)) and thus speaks at the same high level of authority. The 1999 act that added this language to the Labor Code (Stats. 1999, ch. 615, § 4, pp. 4338-4339) also added the language already mentioned (§ 6304.5) making clear that Cal-OSHA statutes and regulations are admissible to prove negligence in tort actions (Stats. 1999, ch. 615, § 2, p. 4337) and deleted language that previously had barred the use of Cal-OSHA statutes and regulations in tort actions “except as between an employee and his own employer” (former § 6304.5, italics added, as added by Stats. 1971, ch. 1751, § 3, p. 3780; see Elsner v. Uveges (2004) 34 Cal.4th 915, 930-931 [22 Cal.Rptr.3d 530, 102 P.3d 915] (Elsner)). Considered together, the 1999 amendments leave no doubt that the Legislature understood and intended that the employer’s Cal-OSHA duties at multiemployer *607 worksites would extend not just to the employer’s own employees, but also to those of other employers. Based on the 1999 amendments, we unanimously concluded in Eisner that “plaintiffs may use Cal-OSHA provisions to show a duty or standard of care to the same extent as any other regulation or statute, whether the defendant is their employer or a third party.” (Elsner, at pp. 935-936, italics added.)
Ignoring the 1999 multiemployer worksite statute (§ 6400, subd. (b)), the majority suggests the Legislature’s intent to permit delegation of Cal-OSHA responsibilities can be inferred from an earlier statute defining an employer as “[e]very person . . . which has any natural person in service.” (§ 3300, subd. (c); see § 6304 [referring to § 3300], as amended by Stats. 1971, ch. 1751, § 2, p. 3780.) The definition will not bear the weight the majority would place upon it. The more recent enactment concerning multiemployer worksites operates not through the legal fiction that an employer employs a third party’s employees (cf. maj. opn., ante, at p. 594), but instead by expressly recognizing that employers in shared worksites owe duties to the employees of other employers. For the same reason, it is of no consequence that judicial decisions relying on a former definition of employer to reach a similar conclusion (e.g., De Cruz v. Reid (1968) 69 Cal.2d 217, 228-229 [70 Cal.Rptr. 550, 444 P.2d 342]; see maj. opn., ante, at p. 596) may have prompted the Legislature to adopt the present definition (§§ 3300, 6304). The duties recognized in the multiemployer worksite statute (§ 6400, subd. (b)) do not in any way depend on the definition of employer.
To observe that an employer subject to Cal-OSHA has violated a statutory or regulatory duty to an independent contractor’s employee certainly does not suffice, without further analysis, to establish liability in tort for any injuries the employee may have suffered as a result. But the duty’s existence is the essential starting point of the analysis. As explained, Cal-OSHA duties play a role in negligence cases because of section 6304.5, which provides that “[s]ections 452 and 669 of the Evidence Code shall apply to this division and to occupational safety and health standards adopted under this division in the same manner as any other statute, ordinance, or regulation.” In other words, Cal-OSHA statutes and regulations are admissible to show negligence per se in tort actions (see Evid. Code, § 669; Elsner, supra, 34 Cal.4th 915 at pp. 927-928, 935-936) and are subject for this purpose to judicial notice (see Evid. Code, § 452; Eisner, at p. 927). Evidence Code section 669, which codifies the common law doctrine of negligence per se (Elsner, at p. 927), does not negate or repeal the doctrine of nondelegable duties (California Assn. of Health Facilities v. Department of Health Services (1997) 16 Cal.4th 284, 298 [65 Cal.Rptr.2d 872, 940 P.2d 323]).
*608 The plain language of Evidence Code section 669 applies without any difficulty when an employer’s violation of a Cal-OSHA provision at a multiemployer worksite causes injury to another employer’s employee. More specifically, the employer violating the regulation has “violated a statute . . . or regulation of a public entity,” the violation has “proximately caused . . . injury to person,” the injury has “resulted from an occurrence of the nature which the statute ... or regulation was designed to prevent,” and “[t]he person suffering ... the injury . . . was one of the class of persons for whose protection the statute ... or regulation was adopted.” (Evid. Code, § 669,. subd. (a)(1)—(4).) Finally, at a multiemployer worksite, section 6400, subdivision (b), establishes that the injured employee “was one of the class of persons for whose protection the . . . regulation was adopted” (Evid. Code, § 669, subd. (a)(4)).
As the majority correctly observes (ante, at p. 594, fn. 1), the Legislature has not expressly addressed the interaction between Cal-OSHA and the rule of Privette, supra, 5 Cal.4th 689. But the Legislature has had no reason to do so because, until today, this court’s decisions applying and extending that rule have concerned duties arising under the common law and not under Cal-OSHA. What matters for present purposes is that the Legislature has determined that the Cal-OSHA duties of employers at multiemployer work-sites extend to the employees of other employers. (§ 6400, subd. (b).) I recognize that the Legislature’s decision to place Cal-OSHA provisions on an equal footing with other statutes and regulations in the context of tort law (§ 6304.5) permits courts, at least in theory, to guide the use of such provisions in civil actions by applying applicable common law doctrines, insofar as those doctrines are consistent with the Legislature’s intent in creating the relevant duty. In contrast, to apply a common law doctrine like Privette in tort actions to selectively negate one aspect of an employer’s Cal-OSHA duty (i.e., the employer’s duty to other employers’ employees), while enforcing other aspects of that duty (i.e., the employer’s duty to its own employees; see maj. opn., ante, at p. 602), is plainly inconsistent with legislative intent.
In summary, to the extent delegability is a function of legislative intent, the majority does not convince me the Legislature intended to treat duties created by Cal-OSHA statutes and rules, unlike other regulatory safety duties, as •delegable and presumptively delegated whenever the person upon whom the Legislature has imposed such a duty hires an independent contractor. A rule that threatens an erosive effect on workplace safety deserves a more solid *609 grounding in legislative intent than a statutory definition of employer (§§ 3300, 6304; see maj. opn., ante, at pp. 594, 595) that, as explained, is not the provision in which the Legislature has addressed the scope of employers’ duties in multiemployer worksites (see § 6400, subd. (b)). I thus do not join in the majority’s analysis.
The petition of appellant SeaBright Insurance Company for a rehearing was denied October 19, 2011. Werdegar, 1, was of the opinion that the rehearing should be granted.

 E.g., Camargo v. Tjaarda Dairy (2001) 25 Cal.4th 1235, 1238 [108 Cal.Rptr.2d 617, 25 P.3d 1096]; Toland v. Sunland Housing Group, Inc. (1998) 18 Cal.4th 253, 267 [74 Cal.Rptr.2d 878, 955 P.2d 504].

 E.g., Kinsman v. Unocal Corp. (2005) 37 Cal.4th 659, 674-675 [36 Cal.Rptr.3d 495, 123 P.3d 931] (hirer fails to warn of latent or concealed hazardous condition); McKown v. Wal-Mart Stores, Inc. (2002) 27 Cal.4th 219, 225 [115 Cal.Rptr.2d 868, 38 P.3d 1094] (hirer furnishes unsafe equipment); Hooker v. Department of Transportation (2002) 27 Cal.4th 198, 210-212 [115 Cal.Rptr.2d 853, 38 P.3d 1081] (hirer retains control and affirmatively contributes to injury).

 E.g., Evard v. Southern California Edison (2007) 153 Cal.App.4th 137, 147-149 [62 Cal.Rptr.3d 479] (industry safety order for elevated billboards); Barclay v. Jesse M. Lange Distributor, Inc. (2005) 129 Cal.App.4th 281, 296-298 [28 Cal.Rptr.3d 242] (fire code provision concerning fire extinguishers).

 Compare Evard v. Southern California Edison, supra, 153 Cal.App.4th 137, 147 (passive omission suffices) and Barclay v. Jesse M. Lange Distributor, Inc., supra, 129 Cal.App.4th 281, 298 (same) with Madden v. Summit View, Inc. (2008) 165 Cal.App.4th 1267, 1280 [81 Cal.Rptr.3d 601] (other affirmative contribution required), Millard v. Biosources, Inc. (2007) 156 Cal.App.4th 1338, 1352 [68 Cal.Rptr.3d 177] (same) and Park v. Burlington Northern Santa Fe Railway Co. (2003) 108 Cal.App.4th 595, 610 [133 Cal.Rptr.2d 757] (same).

 All further citations to statutes are to the Labor Code, except as noted.