91 F.3d 158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Etsel WARNER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16475.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided June 28, 1996.
 
 1
 Before: FLETCHER, D.W. NELSON, and CANBY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Etsel Warner appeals the district court's dismissal of his personal injury action against the United States for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). In his complaint, Warner sought damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671-80, for injuries that he sustained in an accident which occurred while he was performing grounds maintenance work on a United States Air Force Base. Because the parties are familiar with the factual and procedural background of this case, we do not repeat them here. We reverse.
 
 
 4
 Under the FTCA, the United States has waived its immunity in civil actions for money damages for injury or death caused by the negligent or wrongful acts or omissions of federal government employees. 28 U.S.C. § 1346(b). The FTCA's waiver of liability subjects the United States to liability to the extent that a private person would be liable under the law of the place where the act or omission occurred (in this case, Guam). Id. However, United States has not waived sovereign immunity with respect to the negligence of government contractors. 28 U.S.C. § 2671. Thus, the federal courts do not have subject matter jurisdiction over claims against the United States for the negligence of independent contractors. See e.g. Letnes v. United States, 820 F.2d 1517, 1518 (9th Cir.1987) (holding that the district court did not have subject matter jurisdiction under the FTCA over a claim against the United States where the complaint alleged that the injury was caused by the negligence of the employee of a government contractor and where no direct negligence on the part of the government was alleged). In this case, however, the contractor exception does not apply.
 
 
 5
 Warner argues that the United States is liable on two grounds. First, he argues that the United States was negligent in selecting and hiring the contractor. Second, Warner claims that the United States breached its duty to the plaintiff to ensure a safe workplace for employees of government contractors performing inherently dangerous work. Because Warner has alleged under both theories of liability that the government, not the contractor, was negligent, the district court erred in dismissing his claims for lack of subject matter jurisdiction even if some of the claims may not be valid under Guam law. See Yanez v. United States, 63 F.3d 870, 872-73 (9th Cir.1995) (holding that under California law, the government could not be held liable for negligent failure to supervise the performance of inherently dangerous activity but nevertheless finding that the district court had subject matter jurisdiction under 28 U.S.C. § 1346).
 
 
 6
 On remand, the district court should consider whether Warner has stated valid claims under Guam law and, if he has, whether these claims after discovery is allowed can withstand summary judgment. In applying Guam law, we look to California law for guidance. See Roberto v. Aguon, 519 F.2d 754 (9th Cir.1975). In Yanez, this court construed the California Supreme Court's recent decision in Privette v. Superior Court (Contreras), 854 P.2d 721 (Cal.1993), explaining that
 
 
 7
 [a]fter Privette, California permits a principal to delegate its duty to provide a reasonably safe work place to its contractor's employees, even where "peculiar risks" are involved, and to rely on the state workers' compensation system to make the worker whole.
 
 
 8
 Yanez, 63 F.3d at 873 (citing Privette, 854 P.2d at 730). It went on to hold that notwithstanding Privette, the government may be liable if it retains control over any part of the work performed by the employee of the independent contractor when the work is inherently dangerous. Id. at 874 (citing section 414 of the Restatement (Second) of Torts and California authority adopting that section). In Yanez, the court pointed to evidence that government inspectors had actual knowledge of safety violations but failed to exercise their right to correct the violations as an indication that the government retained control over the inherently dangerous work that was being performed. Id. at 875.
 
 
 9
 To the extent that Warner is claiming that the United States negligently failed to supervise the work being performed by the contractor and to ensure that adequate safety measures were taken, his claim may fail because of Privette. If Guam has a worker's compensation system comparable to that of California, and if the government delegated its duty to ensure that adequate safety measures were taken, Privette precludes liability on the part of the government. However, to the extent that Warner has alleged that the government retained control of the work that he was performing and that the work was inherently dangerous, he has stated a valid claim. See Yanez, 63 F.3d at 874-75. Warner's assertion that the government had actual knowledge of the safety violation and that it failed to exercise its right to order the violation corrected amounts to an assertion that the government retained sufficient control of the work to be liable for harm caused by the violation. Id.
 
 
 10
 The district court should have provided Warner with the opportunity to conduct discovery on the factual questions of whether the government was negligent in its selection and hiring of Warner's employer, whether the work he was performing was inherently dangerous, whether the government retained control over the work, and whether the government delegated to the contractor its duty to take adequate safety measures.
 
 
 11
 We therefore REVERSE.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3