[No. E035729. Fourth Dist., Div. Two. Nov. 9, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK CHARLES SANBORN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[†]]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II A., B. and C.

**COUNSEL**

Paul R. Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Arlene Sevidal and Deana L. Bohenek, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, J.**—Defendant Frank Charles Sanborn appeals from his conviction of multiple felony counts of lewd acts with a child under the age of 14 and misdemeanor counts of cruelty to a child by endangering health. Defendant contends that (1) the trial court should have excluded evidence about the Child Sexual Abuse Accommodation Syndrome (CSAAS); (2) instructing the jury with CALJIC No. 10.64 violated his right to due process because the instruction is biased in favor of the prosecution; (3) his convictions for counts 2 through 8 should be reversed because the state violated his due process right to reciprocal discovery; and (4) the convictions should be reversed because the court discarded valid verdicts after a juror was dismissed and thereby denied him his right to due process and a jury trial and subjected him to double jeopardy. We reject defendant's contentions, and we affirm.

I

### FACTS AND PROCEDURAL BACKGROUND

Defendant was 34 years old in 1999. He lived with his sister and two nephews, then ages 11 and 13. Defendant took his nephews and other boys on camping trips, during which defendant sometimes furnished the boys with alcohol and left them unsupervised.

Counts 2 through 8 alleged sexual acts against Jason D.[1] in 1998 and 1999 when Jason was 11 and 12 years old. Counts 10 through 13 alleged sexual acts against David C. in 1999 when David was about 11 years old. Counts 14 through 17 alleged cruelty to three other boys in 1999 by endangering their health.

Count 2. Defendant took his two nephews and their friend Jason on a camping trip. That night, while they were all sleeping in a tent, Jason felt defendant touch his penis over and under his clothing.

Counts 3 and 4. On another camping trip, Jason woke up to find defendant fondling his penis. Defendant pulled down Jason's shorts and sodomized him.

---

[1] The jury failed to reach a verdict as to counts 1 and 9. Those counts were dismissed, and the evidentiary basis for those counts has not been included in the statement of facts. In addition, because no issue has been raised on appeal concerning the sufficiency of the evidence to support the convictions, the underlying facts are set forth in summary fashion.

Count 5. On another camping trip after Jason turned 12, defendant rubbed Jason's penis after they lay down to sleep.

Count 6. Defendant took Jason for a ride up into the foothills in defendant's new truck. Defendant stopped the truck and told Jason to pull his penis out and masturbate, and Jason did so. Defendant then orally copulated Jason.

Count 7. On a camping trip, defendant attempted to sodomize Jason.

Count 8. On Jason's 12th birthday, defendant took him and another boy to an amusement park. On the way back, they stayed overnight at a motel, where defendant tried to sodomize Jason.

Count 10. Defendant took David on a camping trip and touched him during the night while they were sleeping in defendant's truck.

Count 11. On July 4, 1999, defendant took David camping. Defendant touched David's penis while they were sleeping in defendant's truck.

Counts 12 and 13. In the summer of 1999, defendant took David on a camping trip. Defendant rubbed David's penis and put his mouth on David's penis.

Counts 14 through 17. Defendant provided alcohol for other minor boys to drink and became intoxicated in front of them.

Other evidence is set forth in the discussion of the issues to which it pertains.

The jury found defendant guilty of 11 counts of lewd acts with a child under the age of 14 (Pen. Code, § 288, subd. (a)) and four counts of cruelty to a child by endangering health (Pen. Code, § 273a, subd. (b)). The jury found true the multiple-victim allegations (Pen. Code, § 667.61, subd. (e)(5)) as to counts 2 through 8 and 10 through 13. The jury also found true the allegation of substantial sexual conduct for count 3 (Pen. Code, § 1203.066, subd. (a)(8)), but did not reach a determination for that allegation as to count 13. The trial court sentenced defendant to a determinate term of 24 years and to two consecutive indefinite terms of 15 years to life.

## II

## DISCUSSION

A.–C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### D. *Discarding Verdicts After a Juror Was Dismissed*

Defendant contends that the trial court erred in discarding valid verdicts after a juror was dismissed and thereby denied him his right to due process and a jury trial and subjected him to double jeopardy.

#### 1. *Background*

The jury began deliberations on December 4, 2003. On December 9, Juror No. 5 became ill and was replaced by an alternate. The jury deliberated seven full days, and then the trial was continued for three weeks to January 12, 2004. On January 20, Juror No. 7 was excused because of a death in the family and was replaced by an alternate.

After the alternate juror had been substituted in, the jury returned to the jury room. The foreperson then informed the bailiff that the jury had already reached verdicts on some of the counts and asked what to do with the completed verdict forms. Defense counsel stated, "They have to start all over." The prosecutor agreed that the verdict forms already completed should be destroyed. The court collected those forms and provided the jury with a new set of blank forms. Defense counsel agreed with this procedure.

#### 2. *Waiver*

■ The People argue that defendant has waived the right to raise this issue on appeal by failing to object below. (*People v. Saunders* (1993) 5 Cal.4th 580, 589–590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) Neither party requested that the jury be asked whether they had reached verdicts on any counts before the juror was excused. Because the alleged error involves fundamental constitutional rights, we will exercise our discretion to consider the matter on the merits.

#### 3. *Analysis*

■ Defendant contends that in discarding the verdicts, the trial court denied him his rights to due process and to a jury trial and subjected him to

*See footnote, *ante*, page 1462.

double jeopardy. The federal and California Constitutions guarantee defendants accused of felonies the right to the unanimous verdict of 12 jurors. (*Hicks v. Oklahoma* (1980) 447 U.S. 343, 346 [65 L.Ed.2d 175, 100 S.Ct. 2227]; Cal. Const., art. I, § 16.)

The parties did not cite any published California case addressing the precise issue raised in this case, and our own research did not reveal any such case. However, a handful of cases that have addressed the converse issue have concluded that partial verdicts reached before a juror is dismissed and the jury is reconstituted are valid. In *People v. Aikens* (1988) 207 Cal.App.3d 209 [254 Cal.Rptr. 30], the jury had reached a verdict on one of two counts before a juror was dismissed and replaced by an alternate. The trial court accepted that verdict, and the defendant claimed on appeal that the trial court should have instead declared a mistrial. The appellate court found no error. (*Id.* at p. 214.) In *People v. Thomas* (1990) 218 Cal.App.3d 1477 [267 Cal.Rptr. 865], two jurors asked to be excused after the jury had reached verdicts on some of the counts. The trial court, over objection from defense counsel, elected to have the jury return its partial verdicts before discharging the jurors from the panel. (*Id.* at p. 1483.) On appeal, the defendant argued that this was error, and that the trial court should have ordered the reconstituted jury to begin deliberations anew. The court rejected that argument, explaining: "Inasmuch as the verdicts returned and recorded prior to the discharge of [the two jurors] were the product of a unanimous panel of 12 competent and qualified jurors, we have difficulty discerning the nature of defendant's complaint as to those verdicts. [¶] Certainly, the work of the jury in rendering those verdicts, the nature of which were unknown to anyone except the jurors, should not be lightly set at nought simply because two of the jurors who participated were subsequently discharged and we find nothing untoward in the fact that the trial court knew in advance of receiving the verdicts that one of the jurors was to be excused from further deliberation on the remaining charges." (*Id.* at p. 1485.)

The Supreme Court approved *Aikens* and *Thomas* in *People v. Cain* (1995) 10 Cal.4th 1, 67 [40 Cal.Rptr.2d 481, 892 P.2d 1224], stating: "In both cases the appellate court *approved* the trial court's excusal of a juror and substitution of an alternate after the jury had reached verdicts on some but not all of the charges. [Citations.] Neither decision holds the reconstituted jury must reconsider the verdicts already returned or deliberate on factual conclusions irrelevant to the counts yet to be decided." (Original italics.)

*Aikens, Thomas,* and *Cain* make clear that it would not have been error for the court to accept the partial verdicts before discharging the juror

and seating an alternate juror. Those cases do not, however, establish a rule that the court *must* accept partial verdicts under such circumstances. Rather, a defendant is entitled to a unanimous verdict reached through the joint deliberations of all 12 jurors. (*People v. Collins* (1976) 17 Cal.3d 687, 693 [131 Cal. Rptr. 782, 552 P.2d 742].) That is exactly what defendant got. The trial court instructed the jurors to begin deliberations anew after the juror was excused. ■ On appeal, we presume that the jury understood and followed that instruction. (See, e.g., *People v. Delgado* (1993) 5 Cal.4th 312, 331 [19 Cal.Rptr.2d 529, 851 P.2d 811].) We conclude that defendant was not deprived of his constitutional rights.

Defendant argues, however, that the record shows that the jury did not begin deliberations anew. Defendant notes that the jury deliberated eight full days between December 9, 2003, and January 20, 2004, while Juror No. 7 was still a member of the jury. During that time, the jurors requested readbacks of the testimony of both Jason and David.

The trial court replaced Juror No. 7 with an alternate on January 20, 2004, and the reconstituted jury began deliberations. The dates on the verdict forms show that the jury reached verdicts on 10 counts and one allegation of substantial sexual conduct in three and one-half hours on January 20 and on five counts and one allegation in approximately four hours on January 21. Defendant argues that the speed with which the reconstituted jury reached its verdicts, combined with the fact that seven weeks had passed since the jurors had heard testimony or argument, demonstrate that the jurors did not begin deliberations over again.

Defendant notes that in *Griesel v. Dart Industries, Inc.* (1979) 23 Cal.3d 578 [153 Cal.Rptr. 213, 591 P.2d 503] (overruled on another ground in *Privette v. Superior Court* (1993) 5 Cal.4th 689, 696 [21 Cal.Rptr.2d 72, 854 P.2d 721]), the Supreme Court reversed a verdict when the jury deliberated for seven days before a juror was replaced, and the reconstituted jury then reached a verdict in less than four hours. (*Griesel v. Dart Industries, Inc., supra*, at p. 585.) However, the court did not base the reversal on a comparison of the time the jury took in deliberations before and after the substitution, but on the fact that the trial court had erred in failing to instruct the jury to disregard all past deliberations and begin deliberating anew. The court considered the length of time of deliberations in determining whether the instructional error was prejudicial. (*Id.* at pp. 584–585.) Here, in contrast, the trial court properly instructed the reconstituted jury on the requirement of reaching consensus based on common deliberations. Nothing in the record indicates that the jury disregarded the court's instruction.

## III

## DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and McKinster, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 2006, S139544.