Filed 11/13/15  Anderson v. Glaus Pyle Schomer Burns & Dehaven CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| CHRIS ANDERSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>GLAUS PYLE SCHOMER BURNS & DEHAVEN, INC.,<br><br>Defendant and Respondent. | C077244<br><br>(Super. Ct. No. 34201100104475CUPOGDS) |

The question in this case is whether defendant Glaus Pyle Schomer Burns & Dehaven, Inc. (Glaus Pyle) owed a duty of care to plaintiff Chris Anderson, who was injured when conducting a field inspection (site audit) of cell phone transmission equipment.  Glaus Pyle is in the telecommunications business and subcontracted with ITC Service Group, Inc., which provided workers to conduct the site audits.  Anderson was one of those workers, employed by ITC Service Group.  Anderson sued Glaus Pyle, claiming it acted with negligence and gross negligence in connection with his injuries.

1

The trial court granted summary judgment in favor of Glaus Pyle, reasoning Glaus Pyle owed no duty of care to Anderson because by hiring an independent contractor (ITC Service Group), the hirer (Glaus Pyle) implicitly delegated to the independent contractor any tort law duty it owed to the independent contractor's employees to ensure workplace safety. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Glaus Pyle is an Ohio-based corporation specializing in, among other things, telecommunication services. Part of Glaus Pyle's operations includes doing work for AT&T by providing site audits on cell phone transmission equipment owned by AT&T. Because Glaus Pyle did not have enough staff to conduct the site audits, it subcontracted with ITC Service Group, which provided workers to conduct the site audits. Under this contract, employees of ITC Service Group travelled to the locations of the cell phone transmission sites being audited to conduct the site inspections, which included gathering information about the condition of the equipment on site. Data gathered by employees of ITC Service Group was passed on to Glaus Pyle, which in turn processed the data for eventual presentation to AT&T.

In May 2009, ITC Service Group hired Anderson as one of its field technicians to conduct these site audits. ITC Service Group assigned Anderson to the sites, and he made his own schedule for the site inspections. When Anderson completed the site inspections, he turned in the data he collected to his supervisor at ITC Service Group. Glaus Pyle was not involved in hiring Anderson and did not receive copies of his timesheets or logs of the tasks he performed. Anderson's site visits were supervised by ITC Service Group employees.

In June 2009, Anderson was injured when conducting a field inspection of cell phone transmission equipment. Anderson's injury stemmed from exposure to radio frequency radiation emitted from the cell tower. Anderson filed a workers' compensation

2

claim against ITC Service Group, and he settled that claim with the insurer of ITC Service Group.

Around the time Anderson was injured, an employee of Glaus Pyle named Kevin Clements attended three meetings with employees of ITC Service Group. At one of the three meetings, Clements made a presentation "concerning details of where to place entries on the site audit form for the information sought by AT&T." At that meeting Clements "never discussed anything concerning the planning, process, or techniques for how the site audits were to be conducted." At the other two meetings, Clements did not make a presentation, but he "identified the nature of the site being shown to ITC [Service Group] employees."[1]

In June 2011, Anderson sued Glaus Pyle, alleging negligence and gross negligence in connection with his injuries. The theory of his case was Glaus Pyle negligently maintained the site and was grossly negligent in failing to protect him from excess radiation.

Glaus Pyle filed a motion for summary judgment, contending it did not owe Anderson a duty of care because employees of an independent contractor cannot sue the third party that hired the contractor to do the work. The trial court agreed with Glaus Pyle, granting summary judgment.

Anderson now appeals from the resulting judgment.

---

[1] These facts come from depositions of Clements in this case and of Anderson from this case and from his worker's compensation case. In Anderson's briefs in this court, he cites to a lengthy and much later created declaration that contradicts and/or expands on his deposition testimony. For example, he claims Clements undertook to purportedly train him on how to perform cell tower site survey work. These citations to Anderson's declaration violate the principle set forth in *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22, that a trial court should disregard a summary judgment opponent's self-serving declarations when they contradict credible discovery admissions and purport to impeach that party's own prior sworn testimony. The trial court did just that and relied upon Anderson's deposition admissions in its ruling.

DISCUSSION

"Generally, when employees of independent contractors are injured in the workplace, they cannot sue the party that hired the contractor to do the work. . . . [¶] By hiring an independent contractor, the hirer implicitly delegates to the contractor any tort law duty it owes *to the contractor's employees* to ensure the safety of the specific workplace that is the subject of the contract."  (*SeaBright Ins. Co. v. US Airways, Inc.* (2011) 52 Cal.4th 590, 594; see *Privette v. Superior Court* (1993) 5 Cal.4th 689, 696; *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253, 257 [the hiring person "has *no* obligation to specify the precautions an independent hired contractor should take for the safety of *the contractor's employees*" and "[a]bsent an obligation, there can be no liability in tort"].)

Anderson claims one exception to the general rule that he argues is relevant here: namely, the hirer of an independent contractor may be held liable for injuries to the contractor's employee if the hirer's negligent exercise of retained control over safety conditions at a worksite "*affirmatively contributed* to the employee's injuries."  (*Hooker v. Department of Transportation* (2002) 27 Cal.4th 198, 202.)  Specifically, Anderson contends Glaus Pyle "affirmatively contributed to [his] injury by dispatching Mr. Clements . . . to conduct mandatory training for . . . ITC [Service Group] employees on how to carry out cell tower site surveys and failing to include within the mandatory training any warning of the danger posed to human health by radio frequency radiation at cell tower sites and measures to be taken . . . to avoid such danger . . . ."

In his depositions, however, both in the workers' compensation case and in this case, Anderson admitted he was trained by Glaus Pyle only in how to fill out the paperwork that Glaus Pyle wanted completed.  Specifically, in his deposition in the workers' compensation case, Anderson testified only that "we did one day of what they call training" that consisted of "[h]ow to fill out the paperwork that they wanted us to fill out."  And in his deposition in this case, Anderson testified that Clements gave a

4

presentation that "explained what data he wanted recorded and where we could find this information at each of these sites." The document on which Anderson had to fill out the data was called an AT&T site survey form based in Excel, and in the "field," Anderson took a hard copy of the Excel file and "filled in boxes." At night, Anderson was "supposed to type . . . in . . . that information [he] recorded in the field, and then email [it] back to ITC [Service Group] every night."

As did the plaintiff in *Mission Ins. Co. v. Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 211, 221, Anderson "ha[s] a mistaken concept of the type of control that has significance in a situation such as this." While "[o]f course" the defendant "had the power to affect [the plaintiff's] conduct," "the fact that [the defendant] prescribed standards of performance and that the [plaintiff] on occasion attended lectures or classes concerning proper methods of installation and service was not evidence that [the defendant] controlled *the manner in which the desired result was to be achieved.* 'The test of "control," however, means "complete control." ' " (*Ibid.*) While in *Hooker* our Supreme Court clarified that "imposition of tort liability on a hirer should depend on whether the hirer *exercised* the control that was retained in a manner that *affirmatively* contributed to the injury of the contractor's employee" (*Hooker v. Department of Transportation*, *supra*, 27 Cal.4th at p. 210), the court specified that this may occur " 'when the principal employer *directs* that the contracted work be done by use of a certain mode or otherwise interferes with the means and methods by which the work is to be accomplished' " (*id*. at p. 215).

As we have just mentioned, however, Anderson admitted he was trained by Glaus Pyle only in how to fill out the paperwork that Glaus Pyle wanted completed. As the trial court correctly noted, a court cannot find under the law that this action constituted complete control over Anderson or control that affirmatively contributed to his injury.

5

DISPOSITION

The judgment is affirmed.  Glaus Pyle shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


/s/_____
Robie, J.


We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Nicholson, J.