**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD DOBBS,

        Plaintiff-Appellant,

  v.

TXI RIVERSIDE, INC., DBA TXI
Riverside Cement Co.; UNITED RENTALS
(NORTH AMERICA), INC.,

        Defendants-Appellees.

No. 18-56054

D.C. No.
5:16-cv-02547-JFW-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before: BOGGS,[**] WARDLAW, and BEA, Circuit Judges.

Richard Dobbs was employed by an independent contractor who was hired

by defendant TXI Riverside, Inc. ("TXI") to repair its forklift. He was told that the

forklift had a transmission problem that prevented it from shifting gears. Dobbs

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

was seriously injured when a parking-brake defect—attributable to faulty rewiring—caused the forklift to roll over Dobbs even though the parking brake was engaged. Dobbs appeals the district court's grants of summary judgment against him and in favor of TXI and United Rentals (North America), Inc. ("United Rentals"), another contractor who was hired by TXI to repair the forklift in the months preceding Dobbs's accident. We review de novo. *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). We reverse in part and affirm in part.

With respect to TXI, although the district court correctly held that what is known as the "*Privette* rule" applies to Dobbs's negligence claim against TXI, *see Privette v. Superior Court*, 854 P.2d 721 (Cal. 1993), it erred in concluding that there was no triable issue of material fact as to whether any exception to the *Privette* rule saves Dobbs's negligence claim from summary judgment. Specifically, triable issues of material fact exist regarding the applicability of an exception to the *Privette* rule set forth in the California Supreme Court's decision in *Kinsman v. Unocal Corp.*, 123 P.3d 931 (Cal. 2005).[1]

Under the exception established in Kinsman, "[t]he hirer [of an independent

---

[1] The district court did not err in concluding that Dobbs failed to produce evidence at the summary judgment stage from which a reasonable juror might find that an exception to the *Privette* rule set forth in *Hooker v. Department of Transportation*, 38 P.3d 1081 (Cal. 2002) could apply to Dobbs's negligence claim against TXI. Dobbs failed to produce any evidence from which a reasonable juror could find that TXI exercised any retained control over Dobbs's work.

contractor] . . . may be independently liable to the contractor's employee . . . if: (1) it knows or reasonably should know of a concealed, preexisting hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor." *Kinsman*, 123 P.3d at 940. As an initial matter, Appellees provide no persuasive reason to limit the *Kinsman* exception to premises-liability cases. Indeed, no language in *Kinsman* itself limits the applicability of its holding to premises-liability cases.[2] Focusing then on the *Kinsman* exception's elements, a reasonable juror could find based on evidence produced at the summary judgment stage that TXI at least reasonably should have known of the parking-brake defect that allegedly caused Dobbs's injuries. The TXI supervisor who interacted with Dobbs at the worksite admitted that he was aware of parking-brake problems prior to the accident, but never mentioned any such issues to Dobbs. Another TXI employee testified that he assumed Dobbs was hired to fix the parking brake. A reasonable juror could infer from these statements that TXI knew of relevant problems with the parking brake, which problems were not communicated to Dobbs.

Another reasonable inference from evidence in the summary judgment

---

[2] Knowledge of the pre-existing hazardous condition is the keystone to liability. For purposes of giving rise to a duty of care, ownership of machinery is indistinguishable from ownership of land.

3

record is that TXI, rather than some third party, negligently altered the parking brake's wiring system, which alteration caused the accident. TXI work orders reflect that there were parking-brake issues predating the accident, including that the telehandler's parking-brake system had been disengaging when it should not have been. But there were no records of invoices from a non-TXI repairer corresponding to repair of such disengagement issues. A reasonable juror could infer from this evidence that TXI internally completed whatever repairs were necessary, which could have included the negligent alteration of the parking brake's wiring system. If a reasonable juror could find that TXI negligently repaired the telehandler's parking brake system in a manner that created the concealed hazard that caused Dobbs's injuries then, as the California Supreme Court has explained, TXI "necessarily [was] or should [have been] aware" of the hazard, so to invoke the *Kinsman* exception. *Kinsman*, 123 P.3d at 940 n.3 (emphasis added).

A reasonable juror could also find based on evidence produced at the summary judgment stage that Dobbs could not reasonably have discovered the problem with the parking brake before the accident. TXI hired Dobbs to fix the forklift, telling him only that it had a transmission problem. The relevant alterations to the parking brake's wiring system that allegedly caused the telehandler to malfunction and injure Dobbs were beneath a cover, under the

4

driver's seat of the telehandler. Although another technician who inspected the forklift after the accident was able to discover the parking-brake defect, he did so with the knowledge that the forklift had run over someone, and only after hours of troubleshooting. Viewing the evidence in the light most favorable to Dobbs, a reasonable trier of fact could find that a mechanic hired to fix a transmission issue could not reasonably have discovered a parking-brake defect hidden in a portion of the machine unrelated to the transmission.

Turning to United Rentals, Dobbs fails to create a triable issue as to whether United Rentals breached any duty it may have owed him. The evidence shows that United Rentals was hired to check the parking brake only once before the accident, and that it found the forklift did not move when the parking brake was engaged. No reasonable jury could find that United Rentals rewired a brake system that (in its opinion) was not defective. The record also suggests that TXI experienced problems with parking-brake disengagement before United Rentals worked on the forklift, further negating any inference that United Rentals caused the defect. Any inference that United Rentals was negligent in checking whether the parking brake was operable is unsupported by the record and entirely speculative. The district court therefore did not err in granting summary judgment. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (Neither "[t]he mere existence of a 'scintilla' of evidence" nor "mere . . . speculation" is enough to preclude

5

summary judgment.).

The judgment in favor of TXI against Dobbs is **REVERSED**.  The

judgment in favor of United Rentals against Dobbs is **AFFIRMED**.  The case is

**REMANDED** for further proceedings consistent with this memorandum

disposition.  The parties shall bear their own costs on appeal.